## TOWN OF NEWBURY vs. ASA TENNEY.

It is the duty of the selectmen, on dividing their respective towns into highway districts, to cause a publick record thereof to be made, and so of such alterations as they may make from time to time. In default of this, it is absolutely necessary that each highway rate-bill and warrant contain a description of the district, properly authenticated by the signature of the selectmen, in order to hold the highway surveyors responsible for neglect of their duty.

THE defendant was attached to answer unto the plaintiffs in a plea of the case, for that at the annual meeting of the inhabitants of said town of Newbury, holden at Newbury, aforesaid, in the month of March, A. D. 1823, the defendant was, by the inhabitants of said town, in town meeting assembled, elected and chosen a surveyor of highways in the said town for the year then ensuing----of which said election the defendant was then and there duly notified, and did accept of said office, and was then and there duly sworn to the faithful performance of the duties of the same; and the selectmen of Newbury aforesaid, having divided said town into highway districts, the defendant was then and there appointed to perform the duties of his said office of highway surveyor, in the highway district numbered 3, comprehending the highway in said town leading from the meeting-house to Wells River Village.----And afterwards, to wit, on the first day of May, 1823, at Newbury, aforesaid, the selectmen of said town made out a legal tax-bill, containing the names of the persons residing in said highway district, for the purpose of repairing the highways therein, and amounting to a large sum of money, to wit, five hundred dollars---and then and there committed the said tax-bill, with the warrant of a justice of the peace in due form of law, to the defendant, to be by him collected, and expended in repairing the highways in the aforesaid district. Now the plaintiffs say, that it became the duty of the defendant, during the time he was surveyor as aforesaid, in said town, to keep the higways in the said district No. 3 in repair, so that the citizens of this state could use the same without damage or loss, with their horses, teams and carriages;---- yet the defendant, not regarding his duty in this respect, did not collect and lay out the aforesaid tax in repairing the high-

Declaration.

*Orange,*
*February,*
1827.

Newbury
*vs.*
Tenney.

ways in said district No. 3, but the same was uncollected, and the aforesaid highways permitted to become broken, ruinous and decayed, and so remained for a long period of time, to wit, from the said first day of May to the first day of February next after, during which time the defendant well knew the said highways to be broken, ruinous and decayed, so that the citizens of this state could not use the said highways for their teams and carriages in going and returning, and particularly the part thereof called the *Ingalls Hill,* in the said third highway district;----by reason of all which, and in consequence of the neglect and omission of the duty of the defendant, as surveyor aforesaid, in repairing the said highway in his said district, and in consequence of the broken, ruinous and decayed condition of said highways, the plaintiffs were compelled to pay a large sum to divers citizens of this state, to wit, five hundred dollars, for loss and damages by them sustained, in going and returning with their teams and carriages on the highways in said district.

2d count.　　　And also, for that the defendant, at the annual meeting of the inhabitants of said town, aforesaid, was elected surveyor of highways for said town, and was duly sworn to the performance of the duties of said office, for the year then next ensuing, and was assigned to repair the highways, and superintend the expenditure of labour and money for the repair of highways, in highway district No. 3, aforesaid, comprehending the road leading from the *meeting-house* to *Wells River Village,* in said Newbury; and during the time the defendant was surveyor of highways as aforesaid, part of the highways in said district, to wit, that part of the same called the *Ingalls Hill,* became broken, ruinous and decayed, so that the citizens of this state could not, without damage, use the same for their teams and carriages, to wit, on the 1st December, 1823; and the defendant then and there had notice thereof, to wit, on the day and year last aforesaid, at Newbury, aforesaid, and the defendant not regarding his duty in this behalf, suffered the said highways to remain so broken and ruinous for a long time, to wit, until the 15th day of February, 1824, and neglected to call out the inhabitants of said district to labour on said highway in repairing the same, although the selectmen of said town made out and delivered to the said defendant, a highway tax-bill against the inhabitants in said district liable to pay highway taxes, with a warrant in due form, for the collection of the same, to wit, on the 1st day of May, 1823; and during the time said highway was so broken and decayed, and in consequence thereof, divers persons sustained damage and loss in using said highway, in the part thereof called the Ingalls Hill, to wit, between the first day of December, 1823, and the 1st day of March, 1824----and during the time the defendant was surveyor of highways as aforesaid, by reason of which the plaintiffs were compelled to pay a large sum of money, to wit, five hundred dollars, for the damage and loss sustained by the citizens, as aforesaid. *Ad damnum, &c.*

*Orange,*
*February,*
*1827.*

Newbury
*vs.*
Tenney.

The cause was tried at Orange county court, December term, A. D. 1826, on the general issue. On the trial, the plaintiffs proved that the defendant was duly chosen and sworn as highway surveyor for highway district No. 3, in Newbury, at the annual meeting of said town, in March, A. D. 1823. The plaintiffs there introduced evidence tending to show, that a highway tax-bill for said district, for the year 1823, was duly made out on the inhabitants thereof by the selectmen, and, together with a warrant duly signed by a justice of the peace, committed to the defendant on the 1st day of May, 1823, to be by him collected and expended in repairing the roads and bridges in said district; which tax-bill or warrant did not point out the bounds of said district. The plaintiffs then offered a book kept by the selectmen, in which, together with other matters, was entered a division of said town into highway districts by the selectmen of said town; and in connexion therewith produced testimony tending to show that said division, as therein entered, was made by the selectmen, and received and regarded as the division of the town into highway districts. The said division was headed as follows : "Bounds of highway districts in Newbury, as established by the selectmen, April 30th, 1813," and contained the following as the description of highway district number two. "No. 2 to contain all south of the north end of said Stair-hill bridge, to the north line of David Johnson's farm, called Upper Meadow district.---- No. 3 do. from David Johnson's said line, to extend as far south as Herriman's brook, so called, and on the road leading to Esq. Avery's, to Butterfield's meadow brook, called Ox-Bow district" ----which said book, in describing the bounds of said districts, (instead of making new entries, describing such alterations as were annually and from time to time made by the selectmen,) was altered by erasures and interlineations, so as to conform to such alterations in the bounds of said districts as the said selectmen annually and from time to time thought proper to make; and which book was kept in the custody of the selectmen of said town, descending from year to year to one set of selectmen after another, as they were newly appointed, and was called the selectmen's book; and there was testimony tending to show that said book was in the custody of said *Tenney* at a former period when he was selectman. To which evidence the defendant objected, and the court decided that said book and divisions should not go as evidence to the jury; to which decision the plaintiffs excepted---whereupon the jury returned a verdict for the defendant.----And as the aforesaid matters do not appear of record, the plaintiffs pray the allowance of this bill of exceptions, and that execution may be staid, and this cause pass to the Supreme Court for a final decision.

The cause came before this Court, upon a motion that the judgment below be reversed, and for a new trial, founded upon the exceptions aforesaid.

Orange,
February,
1827:

Newbury
vs.
Tenney.

The motion was argued by *Buck*, for the plaintiff, and by *Marsh*, for the defendant.

Skinner, Ch. J. delivered the following opinion of the Court.

The statute directs the selectmen to divide the town into highway districts, and from time to time to alter the same as they shall judge most convenient. It also directs the towns to choose, at their March meeting annually, one surveyor to each district, whose duty it is to superintend the laying out of the tax assessed for the making and repairing the road. The selectmen are required, annually, on or before the first day of May, to deliver to the surveyors respectively, a rate or tax-bill, containing the names of such persons as are taxed in their several districts, with the sum of their several taxes annexed to their names. It is apparent, that to enable the inhabitants of the several towns to appoint the surveyors, the selectmen must have made known to them the location, limits, and description of the several districts.

As the appointment of the several surveyors must appear upon the town records, and necessarily have reference to *districts*, it would seem to be altogether suitable and proper, that the limits and description of the several districts should also appear of record, or at least, that some document under the hands of the selectmen should be accessible to the town, and the inhabitants thereof. This point, however, for the purpose of deciding the case, it is unnecessary to consider. Admitting the evidence offered by the plaintiff to have been proper, and that it ought to have been received for the purpose of showing that the selectmen had performed their duty in dividing the town into highway districts, the paper or book did not furnish evidence of the further fact of the defendant's having been apprised of the limits and description of his district, which is denominated No. 3, which we consider essential; and if from the whole case the Court are satisfied that such testimony cannot be supplied, it would be improper to send the cause back to the county court for a further trial. It appears in the case, that the selectmen of Newbury have what is denominated the selectmen's book, and upon that book is entered, in the year 1813, a description of the highway districts in the town; that this description has since been, by the different sets of selectmen, altered from time to time by erasures and interlineations; that the defendant, at some former period, being selectman, had the book in his keeping. This was the evidence offered and rejected. If testimony of this description could have availed the party at all, it is very questionable whether it was not destroyed by the mutilations and alterations that appeared.

The evidence, however, was not that to which the defendant or any other person was entitled to access; it is that which may be altered at the pleasure of the selectmen, and would furnish no protection to the surveyor.

The precise limits and description of the district are impor-

tant, and of which not only the surveyor, but the inhabitants ought to have knowledge, or the means of knowledge. The inhabitants of the district are not subject to be called to labour beyond the limits of the district to which they are annexed, and the surveyor is liable for all damage which may accrue by reason of any omission or neglect to repair the roads within his district, and for that only. The intention of the legislature undoubtedly was, that the division of the districts at the time of the appointment of the surveyors, should be the division by which they were to be governed, and that if alterations should be necessary, they should be previously made ; otherwise, if a new district should be formed, there would be no surveyor to act, or if by a new arrangement of districts some should be omitted, there would be surveyors appointed who would have no duty to perform, and such as were appointed for the purpose of officiating in a district then denominated by a particular number, might be transferred to a different part of the town. These remarks are made for the purpose of showing the necessity of there being some publick document in the office of the records of the town, by which the inhabitants are to be governed, and which would probably be sufficient to subject the several surveyors. But in the absence of such evidence, we consider that to make the surveyor liable, it is necessary, and so we believe the practice in most towns to have been, to accompany the rate-bill and warrant with a description of the district, properly authenticated by the signature of the selectmen.

In this case, it being evident that no such evidence as is necessary can be supplied, the verdict must stand.